UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NICOLE SADLER, | : | Case No.  3:19-cv-396 |
|  | : |  |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
|  | : | (by full consent of the parties) |
| vs. | : |  |
|  | : |  |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |  |
|  | : |  |
| Defendant. | : |  |

## DECISION AND ENTRY

### I.   INTRODUCTION

In November 2015, Plaintiff Nicole Sadler filed applications for Disability Insurance Benefits, Supplemental Security Income, and for a period of benefits.  Her applications were denied initially and upon reconsideration.  After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Deborah F. Sanders concluded that she was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act.  The Appeals Council granted Plaintiff's request for review because the ALJ's decision did not include an evaluation of the treating source opinion of Jeffrey B. Gleick, M.D.  (Doc. No. 8-4, PageID 373).

After conducting its own independent review of the record, the Appeals Council concluded that Plaintiff was not eligible for benefits because she was not under a benefits

qualifying "disability." Plaintiff subsequently filed this action. She presently seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the Appeals Council's non-disability decision.

The case is before the Court upon Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 12), Plaintiff's Reply (Doc. No. 14), and the administrative record (Doc. No. 8).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since June 20, 2015. At that time, Plaintiff was forty years old. Accordingly, she was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[1] She has a high school education.

The evidence of record related to Plaintiff's impairments is sufficiently summarized in the Appeals Council's decision (Doc. No. 8-2, PageID 65-68), Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 12), and Plaintiff's Reply (Doc. No. 14). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

**III.    STANDARD OF REVIEW**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability"—as the Social Security Act defines it—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). When the Appeals Council reviews the ALJ's decision, the determination of the Appeals Council becomes the final decision and is subject to review by this Court. *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)).

Review for substantial evidence is not driven by whether the Court agrees or disagrees with the factual findings or by whether the administrative record contains

evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241(citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the legal criteria—may result in reversal even when the record contains substantial evidence supporting the factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. THE APPEALS COUNCIL'S DECISION

As noted previously, the Appeals Council vacated the ALJ's decision and conducted its own independent evaluation of the evidence to determine whether Plaintiff was under a qualifying disability. In doing so, the Appeals Council considered each of the five

4

sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. They reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since June 20, 2015, the alleged onset date.

Step 2: She has the severe impairments of adjustment disorder with depressed mood with anxiety, lumbar post-laminectomy syndrome (failed back syndrome), degenerative disc disease (degenerative disc disease) in the thoracic spine, arthritis with scoliosis, lumbar disc disease with radiculopathy, osteopenia, sacroiliitis, and minimal multilevel endplate spurring.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … . "The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and or walk about four hours in an eight-hour day. She can sit for about four hours in an eight-hour day. She can frequently push and/or pull bilaterally with her lower extremities. She can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds. She can frequently perform overhead reaching. She can never work at unprotected heights, around dangerous machinery, and can never operate a commercial motor vehicle. She must avoid concentrated exposure to wetness. She can perform simple, routine, repetitive tasks but not a production rate pace. She cannot have strict production quotas. She may be absent approximately one day per month."

Step 4: Plaintiff is unable to perform her past relevant work.

Step 5: Plaintiff could perform a significant number of jobs that exist in the national economy.

5

(Doc. No. 8-2, PageID 66-67). Based on these findings, the Appeals Council ultimately concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 68.

## V. DISCUSSION

Plaintiff raises one issue in the present action. She asserts that error occurred in evaluating the opinion of her treating physician, Dr. Jeffery B. Gleick.

Dr. Gleick's treating source opinion was set forth in a progress note from an encounter in October 2015. Dr. Gleick detailed Plaintiff's subjective complaints and then wrote that she would be "unable to work due to all above symptoms." (Doc. No. 8-9, PageID 634). These symptoms included persistent low back pain, permanent nerve damage and sciatic pain, right foot pain, right leg weakness, and chronic low back pain and spasm. *Id.* He further offered that she "appears to be fully disabled due to all modalities being exhausted given the 2 year time frame." *Id.* He also wrote that Plaintiff "appears to be disabled from this condition—recommended disability attorney to help her with this issue." *Id.* at 635. Dr. Gleick's opinion did not refer to any specific functional limitations.

The Appeals Council elected to assign "no weight" to Dr. Gleick's opinion for two reasons. First, Dr. Gleick "did not cite specific medical findings to support his opinion." (Doc. No. 8-2, PageID 65). And second, Dr. Gleick "stated the claimant appeared to be disabled," which is a conclusory statement on an issue reserved to the Commissioner. *Id.*

It is well established that a treating source opinion must be afforded "controlling weight" when the opinion: (1) "is well-supported by medically acceptable clinical and

laboratory diagnostic techniques"; and (2) "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

Yet, opinions on issues reserved to the Commissioner "are never entitled to controlling weight or special significance." Soc. Sec. R. 96-5p, 1996 WL 374183, at *2 (Soc. Sec. Admin. July 2, 1996). In fact, an ALJ may "reasonably [give] no weight to [a treating physician's] opinion because [the] conclusion that [the claimant] is totally disabled is a determination reserved to the Commissioner." *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 417 (6th Cir. 2020) (quoting *Cosma v. Comm'r of Soc. Sec.*, 652 F. App'x 310, 311 (6th Cir. 2016)). Nevertheless, Soc. Sec. R. 96-5p mandates that "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.* at *3; *see Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505 (6th Cir. 2013) ("If the treating physician instead submits an opinion on an issue reserved to the Commissioner—such as whether the claimant is disabled…—'his decision need only 'explain the consideration given to the treating source's opinion.''") (quoting *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010); quoting Soc. Sec. R. 96-5p, 61 Fed. Reg. 34474).

Plaintiff does not squarely assert that Dr. Gleick's opinion did not amount to a conclusory statement on an issue reserved to the Commissioner. Instead, she argues that Dr. Gleick cited specific medical findings in support of his assessment—and therefore, his opinion could not be merely conclusory. (Doc. No. 9, PageID 1376). The undersigned

disagrees. Dr. Gleick specifically offered that Plaintiff "would be unable to work" and appeared to be "fully disabled." (Doc. No. 8-9, PageID 634). He did not offer any further opinions or specific functional limitations. Therefore, the Appeals Council correctly observed that Dr. Gleick's opinion was a conclusory statement on an issue reserved to the Commissioner. *See* Soc. Sec. R. 96-5p, 1996 WL 374183, at *14 (Medical opinions about whether an individual "is disabled" or "unable to work" are ultimately "administrative findings that may determine whether an individual is disabled," and are therefore reserved to the Commissioner); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician") (citation omitted). Accordingly, Dr. Gleick's treating source opinion was not entitled to controlling weight or special significance.

Plaintiff attempts to overcome the nature of Dr. Gleick's conclusory statements by asserting that his assessment "is not inconsistent with the other treatment notes and clinical evidence in the record." (Doc. No. 9, PageID 1376, 1378). But this too is unpersuasive. Regardless of the consistency of Dr. Gleick's statements with the other evidence of record, Dr. Gleick's conclusory statements are nevertheless issues reserved to the Commissioner. Furthermore, Dr. Gleick's assessment is contrary to other medical evidence of record. For example, in June 2016, Dr. Gleick observed tenderness, mild spasm, decreased range of motion, and positive right straight leg raise. (Doc. No. 8-9, PageID 720-21). Plaintiff had normal motor strength and normal gait. *Id.* However, the month prior, a different provider

observed on examination that Plaintiff had normal range of motion, normal coordination, and normal gait. (Doc. No. 8-10, PageID 811-12). There was no mention of spasm or tenderness. *Id.* In March 2017, Plaintiff presented to another provider. *Id.* at 847. The provider's subjective report noted that Plaintiff was negative for back pain, gait problem, neck pain or neck stiffness. *Id.* Related physical examination findings were normal. *Id.*

In addition, contrary to Plaintiff's position, the undersigned further finds that Dr. Gleick's opinion was not ignored. As set forth above, the ALJ did not reject Dr. Gleick's opinion solely because it contained a conclusory statement on an issue reserved to the Commissioner. Rather, his opinion was also rejected because Dr. Gleick did not support his opinion with specific medical findings. *See* 20 C.F.R. 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion").

This rationale is supported by substantial evidence. The primary support for his opinion that Plaintiff was unable to work was her subjective complaints—not Dr. Gleick's objective observations on examination. Dr. Gleick does cite to failed treatment options such as surgery, physical therapy, and injections. But, again, Dr. Gleick refers to these treatments in the subjective portion of the progress note. Importantly, his involvement in these treatments is unclear—which means that the undersigned cannot discern how Dr. Gleick arrived at the conclusion that these treatments were unsuccessful.

There are some objective observations contained elsewhere in the progress note. For example, Dr. Gleick observed "decreased range of motion, tenderness, bony tenderness, pain and spasm" in Plaintiff's lumbar back. *Id.* He also indicated that she walks with a limp and has difficulty getting out of a chair. *Id.* at 631. However, these objective findings alone do not explain how Dr. Gleick ultimately determined that Plaintiff is fully disabled and unable to work. Therefore, these observations are not enough to overcome the substantial evidence that supports the assessment of Dr. Gleick's conclusory opinion. *See Blakley*, 581 F.3d at 406 ("…if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (citation omitted).

For these reasons, Plaintiff's asserted error is not well-taken.

### IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability determination be **AFFIRMED**; and

2. The case be terminated on the docket of this Court.

August 13, 2021                                 *s/Sharon L. Ovington*
                                                Sharon L. Ovington
                                                United States Magistrate Judge